Dear Mayor Merritt:
This office is in receipt of your request for an opinion of the Attorney General in regard to spending funds out of a Capital Outlay line item in the Sales Tax budget which is to be used for town projects. The proposed resolution provides as follows:
 Whereas The Town of Sibley has a Capital Outlay line item in the Sales tax Budget;
 Whereas, the Capital Outlay budget is to be used for town projects;
 Therefore, The Town of Sibley is respectfully requesting that the majority vote of the town council be necessary to utilize this fund for any purpose.
You indicate that it is the opinion of the Staff Attorney for the Louisiana Municipal Association that this resolution is illegal inasmuch as it would interfere with the Mayor's authority to operate the town on a day-to-day basis.
In this regard we find Atty. Gen. Op. 03-146, relying upon Atty. Gen. Op. 03-36, pertinent wherein the latter opinion was quoted as follows:
 In accord with prior opinions of this office based upon statutory authority of the Mayor, we must conclude the ordinance requiring approval by the Board of Aldermen for payment of bills over $100 would infringe upon the authority of the Mayor when the expenses are covered by the annual budget.
It was further noted that the latter opinion referred to Atty. Gen. Op. 00-205 wherein this office was asked whether the Mayor had authority to pay bills of the municipality, and this office stated, "He is also able to pay specific bills without the approval of the board of aldermenas long as the bills fall within a category in the approved budget andproper appropriations have been made." (Emphasis added.)
In Atty. Gen. Op. 03-146 it was then observed, "Therefore, we would conclude the ordinance in question would be invalid in requiring the approval of the Board of Aldermen for payment by the Mayor of items that fall within a category in the approved budget."
However, we do note in Atty. Gen. Op. 03-146 it was then concluded that the mayor could not supersede the fiscal control of the board of aldermen unilaterally, and the village treasurer can only disburse municipal funds on a warrant "issued by the order of the mayor and board of aldermen". It was further observed that a budget does not authorize expenditures, noting that every expenditure requires an appropriation, and every warrant for withdrawal of funds from the municipal treasury requires a specific ordinance.
On the basis that the budget does not authorize expenditures, and that every warrant for withdrawal of funds requires a specific ordinance, a resolution would be valid to this extent. It is well recognized the treasurer can only disburse funds on a warrant, and this would not infringe on the Mayor's authority.
However, the Mayor has authority to pay bills of the municipality and as stated in Atty. Gen. OP. 00-205, "He is also able to pay specific bills without approval of the board of aldermen as long as the bills fall within a category in the approved budget and proper appropriations have been made."
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY:_________________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr
Date Released: July 11, 2003